UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CARLOS SOBRAL, an individual, and
on behalf of PRNUSA, LLC, a New York
limited liability company,

        Plaintiff,

vs.

EDMUND BURKE, an individual,
SUZANNE D. BURKE, an individual,
and PRNUSA, LCC, a New York limited
liability company,

        Defendants.
_____/

**COMPLAINT AND APPLICATION FOR RECEIVER
OR IN THE ALTERNATIVE REQUEST FOR PRELIMINARY INJUNCTION**

Plaintiff, CARLOS SOBRAL, individually and on behalf of PRNUSA, LLC, as and for his

complaint and application for receiver, or in the alternative, request for preliminary injunction

against Defendants, EDMUND BURKE,  SUZANNE  D. BURKE and PRNUSA, LLC, alleges as

follows:

**Parties**

1.      Plaintiff, CARLOS SOBRAL ("SOBRAL"), is an individual that is a citizen of

Brazil.

2.      Defendant, EDMUND BURKE ("EDMUND"), an individual, who is a citizen of the

State of Connecticut, may be served with process at 25 Main Street, Ivoryton, Connecticut 06442.

3.      Defendant, SUZANNE D. BURKE ("SUZANNE"), an individual, who is a citizen of

the State of Connecticut, may be served with process at 25 Main Street, Ivoryton, Connecticut 06442.

4.     Defendant, PRNUSA, LLC ("PRNUSA"), is a limited liability company that is organized under the laws of the State of New York.  PRNUSA has its principal place of business in the State of New York.  PRNUSA does not have a registered agent for service of process in the State of New York.  Service of process on PRNUSA may be made according to the laws of the State of New York by serving the Secretary of State of the State of New York.

### Jurisdiction and Venue

5.     The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(2) because the suit is between citizens of a state and a citizen of a foreign state and the amount in controversy exceeds $75,000, excluding interest and costs.

6.     The Court has jurisdiction over the Defendants because Defendants maintain and control a website with an internet domain name of www.sobralusa.com that is accessible in this judicial district and which Defendants collectively utilize to engage in commerce with residents of the State of Florida.  Defendants, or their agents, also maintain and advertise a public relations office located in Miami-Dade County, Florida.

7.     Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§1391(a) and 1401.

### General Allegations

8.     On or about July 31, 2009, SOBRAL, EDMUND and SUZANNE entered into an Operating Agreement for PRNUSA (the "Operating Agreement").  An unsigned copy of the Operating Agreement is attached as Exhibit "A."

9.     The Operating Agreement describes the respective membership interests in PRNUSA

as follows:

           CARLOS SOBRAL          fifty (50%) percent
           EDMUND BURKE and     fifty (50%) percent
           SUZANNE D. BURKE
               (jointly)

10.      The purpose of PRNUSA was and is to engage in the business of buying and selling

SOBRAL designed and manufactured jewelry, accessories, home goods and other related products,

at retail and wholesale.

11.      PRNUSA's initial retail outlet was and is located in Manhattan, New York, and the

Operating Agreement defines the company's retail territory as the New York metropolitan area,

including the five (5) boroughs of New York City.

12.      The Operating Agreement defines PRNUSA's wholesale territory as the United States

of America.

### COUNT I – MEMBER DERIVATIVE ACTION

SOBRAL adopts and incorporates paragraphs 1-12 as if fully alleged herein.

13.      SOBRAL is member of PRNUSA and at all times material hereto held fifty (50%)

percent of the company's authorized and outstanding units.

14.      At all times material hereto, EDMUND was and is the managing member of

PRNUSA.  Among other enumerated responsibilities as contained within the Operating Agreement,

EDMUND has the responsibility to oversee all finance and administration of the company.

15.      At all times material hereto, EDMUND and SUZANNE jointly share the supervision

of day-to-day operations of the company.

16.      PRNUSA alleges this cause of action against EDMUND and SUZANNE because:

      (a)      EDMUND and SUZANNE have failed to follow generally accepted

accounting principles and have exposed PRNUSA to significant penalties.

(b)     EDMUND and SUZANNE have made false and misleading contributions of merchandise in and on the company's books and records.

(c)     EDMUND and SUZANNE have made unexplained inventory adjustments in and on the company's books and records all reducing the value of PRNUSA's inventory.

(d)     EDMUND and SUZANNE have and routinely fail to properly identify and/or describe expenses allegedly incurred on behalf of PRNUSA in and on the company's books and records.

(e)     EDMUND and SUZANNE have misclassified merchandise on loan as sales in and on the company's books and records and in certain instances posted alleged sales some six (6) months or more in the future.

(f)     EDMUND and SUZANNE have filed or caused to be filed one or more trademark applications with the United States Patent and Trademark Office (USPTO) in the name of PRNUSA, notwithstanding that the Operating Agreement clearly states that ownership of the "Sobral" name belongs to SOBRAL and not to PRNUSA.

(g)     EDMUND and SUZANNE have and continue to engage in or possess an interest in another business venture that involves the sale or distribution of "Sobral" products contrary to the Operating Agreement.

17.     As a result of the wrongful acts alleged in paragraph 16, PRNUSA has been and continues to be damaged.

WHEREFORE, SOBRAL demands judgment in favor of PRNUSA for damages and such other and further relief as this Court deems necessary and appropriate under law.

## COUNT II – JUDICIAL DISSOLUTION

SOBRAL adopts and incorporates paragraphs 1-17 as if fully alleged herein.

18.     Under the Limited Liability Company Act of the State of New York (the "Act"), a court may dissolve a company if a sufficient showing is made with respect to improper or irregular conduct that materially injures the company.

19.     Moreover, there is a deadlock with respect to the viability of PRNUSA's continued business operations and the Operating Agreement provides for the entry of a decree of judicial dissolution as provided in the Act.

20.     Furthermore, the Act provides for the appointment of a receiver in the context of these circumstances.

21.     Dissolution and appointment of a receiver are critical to uncover the full extent of EDMUND and SUZANNE's wrongful acts and to preserve and protect PRNUSA's remaining inventory, accounts and other assets.

WHEREFORE, SOBRAL demands judgment of dissolution and asks the Court to set this application for appointment of receiver for hearing at the earliest possible time and, after hearing the application, appoint of a receiver to effect the dissolution, perform an accounting of the PRNUSA's assets and liabilities, undertake all actions necessary to uncover the extent of EDMUND and SUZANNE's wrongful acts and to undertake all such other actions as may be necessary and appropriate under law.

## COUNT III – REQUEST FOR PRELIMINARY INJUNCTION
### (Pled In the Alternative)

SOBRAL adopts and incorporates paragraphs 1-17 as if fully alleged herein.

22.     SOBRAL will suffer irreparable harm if Defendants are not enjoined during the pendency of this action.

23.     There is a substantial likelihood that SOBRAL will prevail on the merits.

24.     The harm faced by SOBRAL outweighs the harm that would be sustained by the Defendants if the preliminary injunction were granted.

25.     Issuance of a preliminary injunction would not adversely affect public interest and public policy.

26.     SOBRAL is willing to post a bond in the amount the Court deems appropriate.

WHEREFORE, SOBRAL asks the Court to set this request for preliminary injunction for hearing at the earliest possible time and, after hearing the request, issue a preliminary injunction against the Defendants to preserve and protect PRNUSA's remaining inventory, accounts and other assets and otherwise preserve the status quo during the pendency of this action.

DATED this 12th day of December, 2011.

Respectfully submitted,

SANTUCCI PRIORE, P.L.
*Attorneys for the Plaintiff*
200 South Andrews Avenue, Suite 100
Fort Lauderdale, Florida 33301
Tel: 954-351-7474
Fax: 954-351-7475

By:   **s/ Joseph V. Priore**
Joseph V. Priore, Esq.
Florida Bar No. 348820
jpriore@spl-law.com